-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JAMES PETTUS, 03R3597,

    Plaintiff,

    -v-

ANTONY ANNUCCI, ANGELA BARTLETT,
KATHY WASHBURN and JANE GRAY,

    Defendants.

DECISION AND ORDER
09-CV-6602CJS

---

## INTRODUCTION

Plaintiff James Pettus was denied poor person status because plaintiff is under sanctions pursuant to 28 U.S.C. § 1915(e) and was directed by the Court to pay the filing fee by January 5, 2010 or this case would be dismissed (Docket # 7). Having failed to pay the filing fee, this action is dismissed.

Further, plaintiff was directed to file an affidavit addressing why the Court should not impose sanctions for plaintiff's willful effort to evade a Court Order (Docket # 7). Plaintiff did not file such an affidavit, but has filed a motion to reconsider the Court's Order (Docket # 8).

## DISCUSSION

Nothing in plaintiff's motion for reconsideration provides a basis for the Court to grant relief from the Order. The substantive basis plaintiff argues is that his mail access claims are within a "nexus" of causation related to claims allowed in another case because they are arguably exceptions based on "imminent danger" to the 29 U.S.C. § 1915(e) sanctions. This argument does not in any way address the fact that the claims he seeks

to bring now, and was disallowed from bringing previously, are not themselves claims that, if not addressed, will put him at risk of imminent danger, as required by the exception.[1] Because plaintiff has failed to adequately address the Court's question, why plaintiff should not be sanctioned for filing frivolous, repetitive, and abusive actions, the Court hereby imposes on plaintiff James Pettus the sanctions describe in the Court's Order dated December 11, 2009 (Docket # 7).

## **CONCLUSION AND ORDER**

Because plaintiff has failed to pay the filing fee of $350.00, the action is dismissed pursuant to 28 U.S.C. § 1915(g).

Further, plaintiff will not be permitted to file any new actions of any type with this Court without first obtaining written permission from the Court to do so consistent with the Court's Order of December 11, 2009, as follows:

The Clerk of the Court is directed to **not file** any future ("new") actions, of any type, submitted by James Pettus, until the Court has determined whether it has jurisdiction over the claims; the allegations in fact are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; or the action is not abusive, frivolous, baseless, repetitious, vexatious or not filed simply to annoy or harass. If the Court determines that the submission should be accepted for filing, the Court will so direct. In the event a future complaint or action is determined to be insufficient for lack of subject matter jurisdiction, or to be otherwise abusive, frivolous, baseless, repetitious, vexatious or filed simply to annoy or harass, the

---

[1] The Court notes that plaintiff did not seek reconsideration of the Court's Order in 09-CV-6263CJS disallowing the claims pursuant to 28 U.S.C. § 1915.

complaint shall be dismissed with prejudice by summary Order citing to this Decision and Order. Only upon a determination that a future or new action may go forward shall the Court direct the Clerk of the Court to cause the United States Marshals Service to serve the defendants or to issue summonses. Unless and until the Court enters an Order directing the Clerk of the Court to cause the United States Marshals Service to serve a summons and complaint on the defendants or to issue summonses, no defendant shall be required to answer or otherwise respond.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated: Feb 9, 2010
Rochester, New York

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge